Thomas W. Cunningham
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, Michigan 48075
(248) 358-4400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZEN DESIGN GROUP LIMITED<br>a Michigan company,<br><br>Plaintiff,<br><br>v.<br><br>INNOVATIVE DESIGNS, LLC.<br>a New York company<br><br>Defendant. | Case No. ___________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |

Plaintiff Zen Design Group, Ltd. ("Zen Design") for its Complaint against defendant Innovative Designs, LLC. ("Innovative Designs") states as follows:

## NATURE OF THE ACTION

1. This is an action against Innovative Designs for infringement under 35 U.S.C. § 271, of U.S. Patent No. 6,860,616 ("the '616 patent" or "the Asserted Patent,") entitled "Ultraviolet Light Writing System" (attached hereto as Exhibit A).

2. As alleged and pleaded herein, Innovative Designs has infringed and is infringing Zen Design's patent rights through its activities regarding ultraviolet (invisible ink) pens ("UV pens"), including without limitation, Innovative Designs' "Secret Message Sets," each branded with one of "Frozen," "Tsum Tsum," "Shopkins" or "Hatchimals" (the "Accused Products") (Exhibit B). Such unlawful activities are occurring throughout the United States and, in particular, in this District.

## THE PARTIES

3. Zen Design is a Michigan corporation having a regular and established place of business at 1100 Opdyke Rd., Auburn Hills, Michigan 48326.

4. On information and belief, Innovative Designs is a New York limited liability company having a principal place of business at 141 W. 36th St., 8th floor, New York, New York, 10018.

5. Innovative Designs has manufactured, used, sold, offered for sale, imported, and/or distributed the Accused Products within the United States and, in particular, in this District.

## JURISDICTION

6. All claims herein arise under the Patent Act, 35 U.S.C. § 1 *et seq*.

7. Subject matter jurisdiction for the pleaded claims is conferred upon the Court by 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Innovative Designs for the purposes of this action pursuant to 28 U.S.C. §§ 1391 and 1400 because Innovative Designs has engaged in systematic and continuous business activities in this District and is registered as an LLC in this District. As described below, Innovative Designs has also committed acts of patent infringement giving rise to this action within this District, including the importation, use, sales and/or offers to sell the Accused Products in this District.

9. Venue is proper in this District under 28 U.S.C. § 1400(b) because Innovative Designs maintains an established place of business in this District and has committed acts of patent infringement here. In addition, Zen Design has suffered harm in this district.

## FOUNDATIONAL FACTS

10. On March 25, 2005, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,860,616 ("the '616 patent") entitled "Ultraviolet Light Writing System."

11. Zen Design is the owner by assignment of all right, title and interest in the '616 patent; including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers. Accordingly, Zen Design possesses the exclusive right and standing to prosecute the present action for infringement of the '616 patent by Innovative Designs.

12. The '616 patent is valid and enforceable.

13. Zen Design has complied with the marking provisions of 35 U.S.C. § 287 with respect to the ’616 patent. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

14. Innovative Designs has infringed and is continuing to infringe the ’616 patent by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import, products including UV pens, including the Accused Products, that infringe the ’616 patent.

15. The Accused Products infringe, directly and indirectly, at least claim 1 of the ’616 patent, literally and/or under the Doctrine of Equivalents.

16. The Accused Products each include a UV pen having a battery holder with both a distal terminus and a proximal terminus. There is a battery within the battery holder.

17. The UV pen of the Accused Products include a switch which can be used to turn a UV light-emitting diode (“LED”) on and off. The LED emits a wavelength of less than 420 nanometers.

18. The UV pen of the Accused Products includes a light-emitting diode module within the battery holder and this module selectively forms an electrical circuit with the battery and the switch.

19. The UV pen of the Accused Products includes a translucent pen assembly that has both a cap end and a pen tip end and is mateably attachable to the battery holder on both ends.

20. The UV pen of the Accused Products includes an ink refill in fluid communication with a pen tip that extends from the pen tip end. The ink fluoresces in the visible portion of the light spectrum when exposed to a light having a wavelength less than 420 nanometers.

21. Innovative Designs received constructive notice of the ’616 patent because the marking requirements of 25 U.S.C. § 287(a) have been satisfied.

22. Innovative Designs had actual notice of the ’616 patent since at least April 2, 2018, when Zen Design sent Innovative Designs a letter concerning the “Frozen Secret Message Set” and a copy of the ’616 patent. The parties discussed Innovative Design’s infringement in follow-up letters and telephone calls, in which Zen Design identified additional infringing products, including the “Tsum Tsum,” “Shopkins” and “Hatchimals” Secret Message Sets. Innovative Designs stopped responding to communications from Zen Design in June 2018.

23. Upon information and belief, Innovative Designs has continued to sell products which infringe the ’616 patent since it became aware of the ’616 patent.

**COUNT I**
**PATENT INFRINGEMENT**

24. Plaintiff Zen Design reaffirms and realleges the allegations in the preceding paragraphs.

25. Zen Design has not licensed or otherwise authorized Innovative Designs to make, use, offer for sale, sell, or import any products that embody the inventions of the ’616 patent.

26. Innovative Designs has infringed and is infringing the ’616 patent, either directly, by inducing others to infringe and/or contributorily, and in violation of 35 U.S.C. § 271, by making, using, offering for sale, selling, and/or importing in the United States the Accused Products and other products using a substantially similar UV pen.

27. On information and belief, Innovative Designs’ infringement has been, and continues to be, willful and with the specific intent to infringe the ’616 patent.

28. Plaintiff Zen Design has suffered damages as a result of the infringing activities of Innovative Designs and will continue to suffer damage as long as those infringing activities continue.

29. This is an exceptional case under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Zen Design requests entry of a judgment against Innovative Designs granting relief as follows:

A. Finding Innovative Designs liable for infringement of the ’616 patent;

B. Permanent injunctive relief restraining Innovative Designs, together with any agents, servants, employees, and attorneys, and such other persons in active concert or participation with Innovative Designs who receive actual notice of the order, from further infringement of the ’616 patent;

C. Awarding plaintiff Zen Design damages adequate to compensate for Innovative Designs’ infringement and increasing those damages to three times the amount assessed pursuant to 35 U.S.C. § 284;

D. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding plaintiff Zen Design its reasonable attorney fees, costs, and disbursements;

E. Awarding Zen Design interest on all damages awarded; and

F. Granting such other, further and different relief as may be just and equitable on the proofs.

**DEMAND FOR JURY TRIAL**

Zen Design hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: March 3, 2020

By: /s/ Thomas W. Cunningham
Thomas W. Cunningham (P57899)
Reza Roghani Esfahani (P83787)
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-3400
Fax: (248) 358-3351
tcunningham@brookskushman.com
resfahani@brookskushman.com

*Attorneys for Plaintiff*